**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **Ada Q. Lampkin,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:25-cv-01297-ADA-SH** |
| | § | |
| **HEB, LP and David Young,** | § | |
| | § | |
| **Defendants** | § | |

**ORDER**

Now before the Court are Plaintiff's Motion to Compel Production of Electronic Signature Authentication Records, filed March 2, 2026 (Dkt. 46), and Defendants' Notice of Attempt to Confer and Proposed Scheduling Order, filed March 6, 2026 (Dkt. 49).

**I.    Background**

Plaintiff Ada Lampkin, proceeding *pro se*, brings this employment discrimination suit against her former employer, H-E-B Grocery Company, L.P., and David Young, her former manager. Complaint, Dkt. 1; First Amended Complaint, Dkt. 38-1 at 1. Defendants moved to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4, arguing that all asserted claims are subject to a binding arbitration agreement. Lampkin opposed the motion, asserting that she did not sign the arbitration agreement, and filed numerous motions "in equity" asserting various sovereign citizen-type arguments.

This Magistrate Judge held an Initial Pretrial Conference and hearing on Defendants' Motion to Compel Arbitration (Dkt. 18) and related motions on March 2, 2026.

## II.   Plaintiff's Motion to Compel

In support of their Motion to Compel Arbitration, Defendants submitted sworn testimony and documentary evidence authenticating Lampkin's electronic signature on the arbitration agreement. Other than her own self-serving affidavit, Lampkin produced no evidence in support of her argument that she never signed the agreement. After listening to the parties' arguments and reviewing all evidence in the record, this Magistrate Judge determined that Lampkin executed the arbitration agreement and the agreement applied to the claims asserted here and recommended that the District Court grant the motion to compel arbitration. Dkt. 42.

About an hour before the March 2, 2026 hearing, Lampkin hand-filed her Motion to Compel Production of Electronic Signature Authentication Records with the Clerk's Office, but the motion was not docketed until March 5, 2026. Dkt. 46. She did not raise the motion during the hearing.

Lampkin asks the Court to compel production of "all electronic authentication records" related to her electronic signature. As discussed above, Defendants have already authenticated Lampkin's signature, and this Court has determined that she executed the arbitration agreement. Lampkin's Motion to Compel Production of Electronic Signature Authentication Records (Dkt. 46) is **DENIED** as moot.

## III.   Defendants' Notice of Attempt to Confer

Defendants submitted a proposed scheduling order on November 17, 2025 (Dkt. 22) but could not obtain Lampkin's input. Dkt. 22 at 1. After the Court issued a second docket control order (Dkt. 31), defense counsel documented their repeated efforts to confer with Lampkin. Dkt. 35. She refused to cooperate. Dkt. 32 at 1. During the initial pretrial conference, the Court admonished Lampkin of her duty to confer in good faith with counsel for Defendants to cooperatively plan discovery and resolve disputes, and she represented that she would do so. The Court informed

Lampkin that if she did not do so, it would recommend dismissal of her case for failure to prosecute and obey Court orders. The Court also ordered Lampkin to: (1) make her Rule 26(f) disclosures to Defendants by March 6, 2026; (2) respond to counsel for Defendants concerning their revised proposed joint scheduling order within 24 hours of receiving it; and (3) cease filing motions that are frivolous or violate the conference requirement of Local Rule CV-7(g) or face a prefiling bar. Dkt. 42 at 3.

Defendants' Notice of Attempt to Confer shows that Lampkin has violated these orders and still has not cooperated with counsel for Defendants. Dkts. 49, 49-1, 49-2. In light of her failure to cooperate, the Court will enter Defendants' proposed scheduling order (Dkt. 49-3).

**SIGNED** on March 11, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE